IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| JEANIE YELVERTON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | C. A. NO. 6:23-cv-500-JDK |
| | § | |
| NORRIS CYLINDER COMPANY, | § | |
| | § | |
| *Defendant.* | § | |

## DEFENDANT NORRIS CYLINDER COMPANY'S
## PARTIAL MOTION TO DISMISS

Defendant Norris Cylinder Company ("Norris" or "Defendant") files this Partial Motion to Dismiss the following causes of action in the Original Complaint [Doc. 1] ("Complaint") filed by Plaintiff Jeanie Yelverton ("Yelverton" or "Plaintiff"): (1) all alleged violations of the Family and Medical Leave Act ("FMLA") other than alleged retaliation based on the FMLA leave Yelverton took in June and July of 2023; (2) discrimination, harassment, and/or retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); (3) discrimination in violation of Texas Labor Code §§ 21.051 and 21.128; and (4) unjust enrichment. Yelverton's Complaint fails to state a claim upon which relief may be granted as to each of the foregoing causes of action. Thus, dismissal of these claims is proper under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## I.     PLAINTIFF'S ALLEGATIONS OF FACT

The follow statements are based upon the assertions of "fact" contained in Yelverton's Complaint. This is because when ruling upon a Rule 12(b)(6) motion, the Court must "accept all well-pleaded facts as true." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 312–13 (5th Cir. 2002). Norris does not admit the veracity of any of Yelverton's allegations by reciting them herein.

### A.   YELVERTON'S WORK FOR NORRIS.

Yelverton contends she was employed by Norris for 25 years, most recently in Norris' accounting department in Longview, Texas. (Complaint at ¶¶ 2, 4, 25). Yelverton asserts she recently started reporting to a new supervisor, Stephanie Speicher. (*Id.* at ¶ 1).[1]

In June of 2023, Yelverton allegedly requested FMLA leave in order to receive medical attention for her heart condition. (*Id.* at ¶ 13). Yelverton asserts she was granted the FMLA leave she requested, which spanned June and July of 2023. (*Id.*). Yelverton alleges that, upon her return from FMLA leave, she was "demoted" from an Accounts Payable Manager role to a "file clerk" role. (*Id.* at ¶¶ 1, 13, 14).

Yelverton contends that on September 6, 2023, her employment with Norris was terminated for insubordination. (*Id.* at ¶¶ 1, 16). Yelverton alleges she was not offered any severance benefits, but asserts—upon information and belief—that other unspecified employees have been offered such benefits. (*Id.* at ¶¶ 1, 72).

### B.   YELVERTON'S CLAIMS AGAINST NORRIS.

#### 1.   FMLA Claims

Yelverton alleges that Norris violated the FMLA by: (1) allegedly failing to reinstate her to her position after her medical leave ended in July 2023; (2) allegedly taking disciplinary actions or subjecting her to adverse treatment based on use of leave under the FMLA; and/or (3) allegedly terminating her upon the conclusion of her medical leave or on the basis that she was entitled to take leave. (Complaint at ¶¶ 13–14, 58).

#### 2.   Wage Claims

Yelverton also alleges she that regularly worked on average more than 50 hours per week, but that Norris did not pay her for her alleged overtime hours and allegedly "mischaracterized" her

---

[1] Yelverton misspells Speicher's name as "Spencer" throughout the Complaint.

as an exempt salaried employee. (Complaint at ¶¶ 34–36). Yelverton claims that such failure to pay her overtime for alleged hours worked over 40 in a workweek violated the Fair Labor Standards Act ("FLSA"). (*Id.* at ¶¶ 38, 49–51).

Yelverton also asserts a claim for unjust enrichment based on Norris' alleged failure "to pay Plaintiff for time worked over 40 hours per workweek." (*Id.* at ¶ 81). Yelverton claims that Norris was unjustly enriched by failing to pay her for this overtime that she alleges she worked. (*Id.* at ¶ 82).

### 3.    Discrimination Claims

Yelverton further asserts claims that Norris violated the ADEA by allegedly discriminating against and harassing her on the basis of her age, and retaliating against her for allegedly reporting age discrimination. (Complaint at ¶¶ 1, n.1, 10, 15, 67–75). Yelverton similarly alleges that Norris discriminated against her because of her age or "other protected trait or characteristic," in violation of the Texas Labor Code §§ 21.051; 21.128. (*Id.* at ¶¶ 76–79).

Yelverton states that she has filed a charge of discrimination (the "Charge") with the Equal Employment Opportunity Commission ("EEOC") based on age and disability discrimination, harassment, and retaliation. (*Id.* at n.1). Yelverton states that she "intends to request a right to sue from the EEOC" and that she expects to add claims under the Americans with Disabilities Act ("ADA") to this lawsuit "after her charge is processed by the EEOC." (*Id.*).

Yelverton's Charge shows that it was received by the EEOC on September 29, 2023. (Exhibit A, Yelverton's Charge, at 1).[2] The Charge alleges that on September 6, 2023, Yelverton's

---

[2] The Court can consider this Charge since it is referenced in Yelverton's Complaint and central to her discrimination, harassment, and retaliation claims. *E.g.*, *Fuhr v. City of Sherman, Texas*, No. 4:21-CV-549-SDJ, 2022 WL 828926, at *2 (E.D. Tex. Mar. 18, 2022) (considering EEOC charge on Rule 12(b)(6) motion since "courts may consider documents attached to a motion to dismiss if they are referred to in the complaint and are central to the plaintiff's claim," and "because it is a matter of public record of which the Court may take judicial notice"); *Thomas v. Esper*, No. 5:18CV110-RWS-CMC, 2019 WL 3026951, at *3 (E.D. Tex. May 22, 2019), *report and recommendation adopted*, 2019 WL 3017418 (E.D. Tex. July 10, 2019) (considering EEOC charge, collecting cases and explaining that "a court may take judicial notice of documents as public records for purposes of a Rule 12(b)(6) analysis").

employment with Norris was terminated on for insubordination, after a meeting on August 31, 2023, during which Yelverton ripped up invoices in front of her supervisors. (*Id.*).

## II.      STATEMENT OF ISSUES TO BE DECIDED BY THE COURT

1.      Whether to grant Rule 12(b)(6) dismissal of the following causes of action in Yelverton's Complaint: (1) all alleged FMLA violations other than alleged retaliation based on the FMLA leave Yelverton took in June and July of 2023; (2) discrimination, harassment, and retaliation in violation of the ADEA; (3) discrimination in violation of Texas Labor Code §§ 21.051 and 21.128; and (4) unjust enrichment.[3]

2.      Whether to grant Norris its reasonable attorneys' fees incurred in connection with Yelverton's frivolous claims under the ADEA and Texas Labor Code.

## III.      ARGUMENTS & AUTHORITIES

### A.      RULE 12(B)(6) STANDARD OF REVIEW.

Federal Rule of Civil Procedure 12(b)(6) authorizes the dismissal of a complaint that fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). "The court may dismiss a claim [under Rule 12(b)(6)] when it is clear that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Frank v. Delta Airlines Inc.*, 314 F.3d 195, 197 (5th Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), Yelverton's Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

---

[3] Norris does not move to dismiss Yelverton's FMLA claim for alleged retaliation based on the FMLA leave Yelverton took in June and July of 2023, or her FLSA claim, but forcefully denies that these claims have any merit.

alleged." *Burrell v. Akinola*, No. 3:15-CV-3568-B, 2016 WL 3523781, at *2 (N.D. Tex. June 27, 2016) (quoting *Iqbal*, 556 U.S. at 678).

In deciding a motion to dismiss, a court accepts all well-pleaded facts as true and views them in the light most favorable to the claimant. *Reliable Consultants, Inc. v. Earle*, 517 F.3d 738, 742 (5th Cir. 2008). The Court may also consider documents central to the claims and/or that are referred to in the pleadings, as well as information properly subject to judicial notice. *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *see also Fuhr*, 2022 WL 828926, at *2 (considering EEOC charge on Rule 12(b)(6) motion); *Thomas*, 2019 WL 3026951, at *3 (same). Although the Court must "accept[] all well-pleaded facts as true," the Court "need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Singh v. RadioShack Corp.*, 882 F.3d 137, 144 (5th Cir. 2018) (affirming dismissal, internal quotation marks omitted). The Court also need "not strain to find inferences favorable to the plaintiff[]." *R2 Invs. LDC v. Phillips*, 401 F.3d 638, 642 (5th Cir. 2005).

**B.    YELVERTON'S CAUSES OF ACTION FOR DISCRIMINATION AND RETALIATION FAIL BECAUSE SHE HAS NOT EXHAUSTED HER ADMINISTRATIVE REMEDIES**

Yelverton's Complaint asserts claims for discrimination, harassment, and retaliation under the ADEA, 29 U.S.C. §§ 621 *et seq.*, and for discrimination under the Texas Labor Code §§ 21.051; 21.128.[4] Chapter 21 of the Texas Labor Code is commonly referred to as the Texas Commission on Human Rights Act ("TCHRA"). *Tapley v. Simplifile, LC*, No. 3:19-CV-00227-E, 2020 WL 208817, at *1 (N.D. Tex. Jan. 14, 2020). Yelverton's ADEA and TCHRA causes of action fail to state a claim because Yelverton's Complaint demonstrates she has failed to exhaust

---

[4] Texas Labor Code § 21.051 prohibits employers from discriminating "because of race, color, disability, religion, sex, national origin, or age." Texas Labor Code § 21.128 prohibits employers from failing or refusing "to make a reasonable workplace accommodation to a known physical or mental limitation of an otherwise qualified individual with a disability who is an employee or applicant for employment, unless the respondent demonstrates that the accommodation would impose an undue hardship on the operation of the business of the respondent."

her administrative remedies, as required by these laws.

"The applicable law is straightforward. An individual cannot take legal action in an ADEA case in Texas unless that individual first files an administrative charge within 300 days of the last act of discrimination." *Bettcher v. Brown Sch., Inc.*, 262 F.3d 492, 494 (5th Cir. 2001). Also, "[a]fter timely filing the EEOC charge, the complainant must then wait sixty days before filing a civil action" under the ADEA. *Julian v. City of Houston, Tex.*, 314 F.3d 721, 726 (5th Cir. 2002) (citing 29 U.S.C. § 626(d)). Here, Yelverton filed an EEOC Charge alleging age discrimination on September 29, 2023, and failed to wait sixty days before filing her ADEA claims in this case. Rather, she filed this lawsuit on October 10, 2023, just 11 days after filing her Charge. Thus, her ADEA claims must be dismissed under Rule 12(b)(6) for failure to exhaust her administrative remedies. *E.g.*, *Bowers v. Nicholson*, 271 F. App'x 446, 449 (5th Cir. 2008) ("Rule 12(b)(6) forms a proper basis for dismissal for failure to exhaust" administrative remedies as to ADEA claims); *Wellman v. HEB Grocery Co.*, No. 21-20660, 2022 WL 16948573, at *1 (5th Cir. Nov. 15, 2022), *cert. denied*, 143 S. Ct. 2465 (2023) (affirming grant of judgment on the pleadings for defendant, explaining that "[w]ith respect to her ADEA claim, Wellman did not wait the required sixty days from filing an EEOC charge to file a civil action; therefore, she did not exhaust her administrative remedies."); *Simpson v. Iasis Healthcare Corp.*, No. 4:19-CV-03140, 2020 WL 5223158, at *3 (S.D. Tex. Sept. 1, 2020) (granting Rule 12(b)(6) dismissal, explaining that "Simpson didn't wait the required sixty days" after filing her EEOC charge, so "[h]er ADEA claim must be dismissed.").

Similarly, "the Texas Labor Code requires those claiming employment discrimination to file an administrative complaint with the [Texas Workforce Commission ("TWC")] before filing an action in court." *Hinkley v. Envoy Air, Inc.*, 968 F.3d 544, 552 (5th Cir. 2020) (citing Tex. Lab. Code §§ 21.201(a), 21.252(a), 21.254). "To exhaust administrative remedies under the TCHRA, a plaintiff must (1) file a complaint with the Texas Workforce Commission ("TWC") or the Equal

Employment Opportunity Commission ("EEOC") within 180 days of the alleged discriminatory act; (2) allow the agency 180 days to dismiss or resolve the complaint; and (3) sue in the district court within 60 days of receiving a right-to-sue letter from the agency and no later than two years after filing the complaint." *Drew v. City of Houston*, No. 01-22-00212-CV, --- S.W.3d ---, 2023 WL 4872979, at *3 (Tex. App.—Houston [1st Dist.] Aug. 1, 2023) (citing Tex. Lab. Code §§ 21.202, 21.208, 21.254, 21.256). Here, Yelverton filed her Complaint just 11 days after her EEOC Charge, well short of the 180 days she is required to wait to allow the EEOC and/or TWC to dismiss or resolve her Charge. She also failed to obtain a right-to-sue letter from the EEOC and/or TWC: instead, she alleges she "intends to request a right to sue" at some unidentified point in the future. (Complaint at n.1). Thus, Yelverton's TCHRA claims also must be dismissed under Rule 12(b)(6) for failure to exhaust her administrative remedies. *Hinkley*, 968 F.3d at 554 (affirming district court's decision to "dismiss[] pursuant to Rule 12(b)(6)" appellants' TCHRA claims "after concluding appellants failed to plausibly allege exhaustion of their mandatory administrative remedies"); *Bergman v. City House, Inc.*, No. 4:20-CV-920-SDJ, 2021 WL 2785479, at **1–2 (E.D. Tex. Feb. 2, 2021) (dismissing TCHRA claim because "Bergman has failed to exhaust her administrative remedies with the TWC," since "the TWC has not dismissed her complaint and … 180 days have not passed since the filing of her complaint").

## C.   YELVERTON'S UNJUST ENRICHMENT CLAIM IS PREEMPTED BY THE FLSA

"[T]he FLSA preempts redundant state law claims for nonpayment of minimum wages and overtime compensation by way of conflict preemption." *Aldridge v. Mississippi Dep't of Corr.*, 990 F.3d 868, 877 (5th Cir. 2021); *see also Guerrero v. JPMorgan Chase & Co.*, No. 6:09-CV-388, 2010 WL 457144, at *3 (E.D. Tex. Feb. 5, 2010) ("[A] plaintiff cannot circumvent the exclusive remedy for enforcement of rights created under the FLSA and prescribed by Congress by asserting equivalent state law claims in addition to the FLSA claim."). This preemption bars

claims for unjust enrichment and other "state law claims [that] are predicated on Defendant's alleged failure to compensate [plaintiff] for hours worked in excess of 40 hours; a requirement imposed by the FLSA." *Guerrero*, 2010 WL 457144, at *4; *see also, e.g.*, *Kharb v. Ericsson, Inc.*, No. 4:17-CV-619-ALM-CAN, 2018 WL 8369848, at *8 (E.D. Tex. Nov. 5, 2018), *report and recommendation adopted*, 2019 WL 1198399 (E.D. Tex. Mar. 14, 2019) (granting Rule 12(b)(6) dismissal of unjust enrichment claim since "Plaintiff is seeking relief under a state law theory of recovery for Defendant's alleged violation of the FLSA"); *Aldridge*, 990 F.3d at 877 (citing with approval to *Guerrero* and *Kharb*'s conclusions "that claims of unjust enrichment for violating the FLSA's overtime compensation requirement were preempted").

Here, Yelverton's claim is unquestionably redundant of her FLSA overtime pay claims: she alleges that Norris was unjustly enriched by "fail[ing] to pay Plaintiff for time worked over 40 hours per workweek." (Complaint at ¶¶ 81–82). This is the exact same basis for her FLSA claim. (*Id.* at ¶¶ 48–49 (alleging Norris violated the FLSA by "failing to pay Plaintiff time-and-a-half for all hours Plaintiff worked in excess of forty (40) hours in a workweek"). Therefore, Yelverton's unjust enrichment cause of action fails to state a claim upon which relief may be granted and must be dismissed under Rule 12(b)(6). And, such dismissal should be with prejudice and without leave to amend, as "granting leave to amend would [be] futile, because 'the complaint as amended would be subject to dismissal' on the basis of preemption." *Aldridge*, 990 F.3d at 878; *see also Guerrero*, 2010 WL 457144, at *4 (dismissing unjust enrichment claim with prejudice).

## D. CERTAIN OF YELVERTON'S FMLA THEORIES FAIL TO STATE A CLAIM BASED ON HER OWN FACTUAL ALLEGATIONS

"The FMLA has two distinct types of provisions: prescriptive and proscriptive." *Park v. Direct Energy GP, L.L.C.*, 832 F. App'x 288, 293 (5th Cir. 2020). "The prescriptive provisions create a series of entitlements or substantive rights" relating to FMLA leave for eligible employees, with which "[a]n employer may not interfere." *Id.* (quotations omitted). "The proscriptive

provisions, on the other hand, protect employees from discrimination or retaliation for exercising or trying to exercise their FMLA rights." *Id.* Claims for violations of the prescriptive provisions are typically referred to as interference claims, and claims for violations of the proscriptive provisions are typically referred to as FMLA retaliation claims. *Id.*

Here, Yelverton's Complaint shows she is asserting an FMLA "retaliation" claim. Specifically, Yelverton claims that Norris "discriminated and retaliated against her" by: (1) failing to reinstate her to her position after her FMLA leave; (2) taking disciplinary actions or subject her to adverse treatment based on her use of FMLA leave; and (3) "terminating Plaintiff upon the conclusion of her medical leave or on the basis that she was entitled to take leave." (Complaint at ¶¶ 58, 64). Yelverton has failed to state a claim upon which relief can be granted as to the third alleged violation: "terminating Plaintiff upon the conclusion of her medical leave or on the basis that she was entitled to take leave." (*Id.* at ¶ 58).

A plaintiff asserting FMLA retaliation must "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make h[er] case plausible." *Besser v. Texas Gen. Land Off.*, 834 F. App'x 876, 881 (5th Cir. 2020). This requires, among other things, a showing that "a causal link exists between [her] protected activity and the adverse action." *Id.* at 882. Here, Yelverton's own allegations show that she was <u>not</u> terminated upon the conclusion of her medical leave. In fact, Yelverton alleges that she received all the FMLA leave she requested and "returned from FMLA leave" in July 2023. (Complaint at ¶¶ 1, 13–14). Yelverton's termination occurred well after her return from leave, on September 6, 2023, and such termination was, according to Yelverton's own allegations, due to insubordination. (Complaint at ¶ 16). Thus, Yelverton's own allegations show she was not terminated "upon the conclusion of her medical leave," so this theory of FMLA violation fails to state a claim upon which relief may be granted.

Moreover, Yelverton's conclusory allegation that she was terminated "on the basis that she

was entitled to take leave" does not assert a proper claim for FMLA retaliation because merely being "entitled to take leave" is not a protected activity under the FMLA. Yelverton cites for support to 29 C.F.R. § 825.216, which discusses various "[l]imitations on an employee's right to reinstatement," and does not provide a basis for a retaliation claim based on an employee being "entitled to take leave." Similarly, the FMLA itself contains no provision regarding retaliation based on being "entitled to take leave," it prohibits interference with an employee's exercise of leave rights and retaliation based on "opposing any practice made unlawful by" the FMLA or participating in legal proceedings under the FMLA. 29 U.S.C. § 2615. The Fifth Circuit has previously refused to expand the FMLA's anti-retaliation prohibitions beyond what is provided in the statute, explaining that courts should not "broaden the protections of anti-retaliation statutes through judicial interpretation." *Elsensohn v. St. Tammany Par. Sheriff's Off.*, 530 F.3d 368, 374 (5th Cir. 2008). Yelverton does not allege that she was attempting to take additional FMLA leave or otherwise engaging in any protected activity under the FMLA at the time of her termination. (*See generally* Complaint). Thus, Yelverton's claim that Norris retaliated against her merely because she was "entitled to take leave" does not state a claim upon which relief may be granted. *E.g.*, *Wilson v. Noble Drilling Servs., Inc.*, 405 F. App'x 909, 913 (5th Cir. 2010) (FMLA retaliation claim failed where employee merely stated he "'might' need to take leave and that there was 'possibility' that he would need to take leave," since these "comments were not sufficient to make the employer aware that [he] need[ed] FMLA-qualifying leave" (quotations omitted)); *Williams v. Aramark Campus LLC*, No. 1:23-CV-01082-ADA-SAB, 2023 WL 6387176, at *11 (E.D. Cal. Sept. 29, 2023), *report and recommendation adopted*, 2023 WL 7116720 (E.D. Cal. Oct. 27, 2023) (dismissing FMLA retaliation claim because "Plaintiff does not plead any facts demonstrating that he opposed a policy or filed a complaint alleging unlawful practices by Defendant Aramark under FMLA, regardless of whether or not he actually took FMLA leave").

Moreover, to the extent Yelverton is attempting to bring a claim for FMLA interference based on her termination—which is not clear from her Complaint—such claim must also be dismissed. According to Yelverton's own allegations, she was provided all the FMLA leave she sought. (Complaint at ¶¶ 13–14). "To obtain relief under the prescriptive provisions of the FMLA, a plaintiff must not only prove that the employer violated § 2615 by interfering with, restraining, or denying him exercise of FMLA rights, but also that he was prejudiced by this violation." *Morgan v. Texas Dep't of State Health Servs.*, No. 3:17-CV-0047-D, 2017 WL 3098582, at *5 (N.D. Tex. June 5, 2017), *report and recommendation adopted*, 2017 WL 3086331 (N.D. Tex. July 20, 2017). A plaintiff fails to state an FMLA interference claim where, as here, she does not "allege that [s]he did not receive the leave to which he was entitled under the FMLA" and, instead, "has alleged that [s]he received the FMLA leave to which [s]he was entitled." *Id.* at *6; *Arismendiz v. Univ. of Texas at El Paso*, 536 F. Supp. 2d 710, 716 (W.D. Tex. 2008) (no FMLA interference claim where "Plaintiff was not actually deterred from asking for FMLA leave and … received all the FMLA leave that she sought"); *Rodriguez v. Mental Health Mental Retardation Auth. of Harris Cnty.*, No. CV H-08-334, 2009 WL 10719444, at *4 (S.D. Tex. Mar. 17, 2009) ("Rodriguez received all of the FMLA leave she requested and to which she was entitled. Consequently, her interference claim is without merit.").

Thus, the foregoing FMLA claims should be dismissed with prejudice, since they are either belied by Yelverton's own allegations or not legally cognizable. Additionally, for clarity, Norris requests that the Court order that Yelverton's only viable FMLA claim in this case is that Norris allegedly retaliated against her based on the FMLA leave she took in June and July of 2023.[5]

---

[5] Again, to be clear, Norris fully denies this claim, but does not contend that Yelverton's Complaint fails to state a claim on such FMLA theory.

**E.     NORRIS IS ENTITLED TO ITS ATTORNEYS' FEES RELATING TO THE ADEA AND TCHRA CLAIMS**

An award of attorneys' fees to a prevailing ADEA defendant is appropriate where the claims were "frivolous or brought in bad faith." *Medina v. Ramsey Steel Co.*, 238 F.3d 674, 686 (5th Cir. 2001). Similarly, a prevailing TCHRA defendant is entitled to recover its fees where the claims "were frivolous, meritless, or unreasonable, or the plaintiff continued to litigate after it became clear that his claim was frivolous." *Anderson v. Houston Cmty. Coll. Sys.*, 458 S.W.3d 633, 649 (Tex. App.—Houston [1st Dist.] 2015).

"The requirement that one exhaust all administrative remedies as a prerequisite to filing suit is well-established." *Brown v. Alixa-Rx*, No. 4:21-CV-00284-ALM-CAN, 2022 WL 815021, at *5 (E.D. Tex. Feb. 14, 2022), *report and recommendation*, 2022 WL 811054 (E.D. Tex. Mar. 16, 2022), *aff'd*, No. 22-40160, 2022 WL 4594188 (5th Cir. Sept. 30, 2022); *see also Lueck v. State*, 325 S.W.3d 752, 761 (Tex. App.—Austin 2010) ("[I]t is beyond serious dispute that the TCHRA requires a complainant to first exhaust his administrative remedies before filing a civil action.").

Despite the administrative exhaustion requirement being hornbook law, Yelverton filed her Complaint asserting ADEA claims and TCHRA claims while <u>admitting</u> that her EEOC Charge was pending and had not yet been processed by the EEOC and that she had not yet requested a right-to-sue letter. (Complaint at n.1). Thus, Yelverton's ADEA and TCHRA claims were clearly frivolous, meritless, unreasonable, and brought in bad faith. *See, e.g.*, *Devine v. St. Luke's Hosp.*, 406 F. App'x 654, 656 (3d Cir. 2011) (affirming district court's decision to award attorneys' fees to prevailing defendant in employment discrimination case where, as here, plaintiff's "claim was 'frivolous, unreasonable, or without foundation' because she admittedly failed to exhaust her administrative remedies before bringing her claim"); *Elgaghil v. Tarrant Cnty. Junior Coll.*, 45 S.W.3d 133, 145 (Tex. App.—Fort Worth 2000) (affirming award of fees to defendant in

discrimination case under the TCHRA where plaintiff "failed to exhaust his administrative remedies" on one of his claims). As such, Norris should be granted its reasonable attorneys' fees incurred in connection with Yelverton's ADEA and TCHRA claims asserted in the Complaint.

## IV.      CONCLUSION

For the foregoing reasons, Norris respectfully requests that the Court grant its Partial Motion for Dismiss and enter an Order (1) dismissing Plaintiff's claim for unjust enrichment with prejudice for failure to state a claim; (2) holding that Plaintiff's only viable FMLA claim is that Norris allegedly retaliated against her based on the FMLA leave she took in June and July of 2023, and dismissing Plaintiff's other FMLA claims with prejudice for failure to state a claim; (3) dismissing Plaintiff's ADEA and TCHRA claims without prejudice for failure to state a claim; (4) awarding Norris its reasonable attorneys' fees incurred in connection with Plaintiff's ADEA and TCHRA claims; and (5) granting Norris all further relief to which it is justly entitled at law or in equity.

**Dated: November 7, 2023**                              Respectfully submitted,

                                                         **BAKER & HOSTETLER LLP**

                                                         By:   _/s/ Ashlee Cassman Grant_____
                                                              Ashlee Cassman Grant, *attorney-in-charge*
                                                              Texas Bar No. 24082791
                                                              Federal ID No. 1607786
                                                              Paul M. Knettel, *of counsel*
                                                              Texas State Bar No. 24102031
                                                              811 Main Street, Suite 1100
                                                              Houston, Texas 77002
                                                              Phone: (713) 751-1316
                                                              Fax: (713) 751-1717
                                                              agrant@bakerlaw.com
                                                              pknettel@bakerlaw.com

                                                         **ATTORNEYS FOR DEFENDANT,
                                                         NORRIS CYLINDER COMPANY**

## **CERTIFICATE OF SERVICE**

In accordance with the Federal Rules of Civil Procedure, I hereby certify that on November 7, 2023, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of this filing to all counsel of record.

*/s/ Ashlee Cassman Grant*
Ashlee Cassman Grant